UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>c/o United States Attorney's Office )<br>(CKK)  555 Fourth St., N.W. )<br>Washington, D.C.  20530 )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>)<br>$156,000,000 IN UNITED STATES )<br>CURRENCY BELONGING TO )<br>CRÉDIT AGRICOLE CORPORATE )<br>AND INVESTMENT BANK, )<br>)<br>        Defendant. )<br>_____) | Civil Action No. 15-cv-1732 |

MEMORANDUM OPINION
(February 18, 2016)

This matter comes before the Court upon Plaintiff's [8] Motion for Entry of Default Judgment and Order of Forfeiture, as well as the memorandum of law submitted in support of it. Upon consideration of Plaintiff's submissions, the relevant legal authorities, and the record as a whole, the Court shall GRANT Plaintiff's [8] Motion for Entry of a Default Judgment and Order of Forfeiture.

This case is a civil forfeiture action *in rem* against the defendant property, $156,000,000 in U.S. currency. The defendant property is currently being detained by the Internal Revenue Service pursuant to a Deferred Prosecution Agreement ("DPA") entered into by the United States and Credit Agricole Corporate and Investment Bank, ("CACIB"). It is subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as a result of CACIB's conspiracy to

1

transfer funds to a place in the United States from or through a place outside the United States, in violation of 18 U.S.C. §§ 1956(a)(2) and 1956(h), with the intent to promote the carrying on of a conspiracy to violate of the International Emergency Economic Powers Act ("IEEPA"), codified at 50 U.S.C. §§ 1701-1706, in violation of 18 U.S.C. § 371.

On October 20, 2015, Plaintiff United States commenced this judicial civil forfeiture action by filing a Verified Complaint for Forfeiture *In Rem*. The Clerk of the Court issued a Warrant of Arrest *In Rem*, which was served on the defendant property on October 28, 2015. There were no parties upon whom direct notice was served, as the only party who reasonably appeared to be a potential claimant was CACIB; however, as part of the DPA, CACIB expressly waived service of the Verified Complaint and agreed not to contest the civil forfeiture action. Plaintiff United States provided notification of this civil forfeiture action by publication pursuant to Rule G(4)(a)(iv) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. On October 31, 2015, the Government commenced notification of this forfeiture action on an internet site, http://www.forfeiture.gov, for 30 consecutive days. Any verified claim in response to notice by publication had to be filed not later than December 28, 2015. No person filed such a verified claim. No other party or putative party filed a pleading to challenge forfeiture of the defendant property, or otherwise attempted to enter this case, and the time for filing a claim has expired. *See* FED. R. CIV. P. SUPP. R. G(5)(B). Based upon the Government's sworn affidavit of such facts, the Clerk of the Court entered Default on January 15, 2016.

The Court concludes that Plaintiff is entitled to a default judgment pursuant to Rule 55. *See* FED. R. CIV. P. 55. Based on the Government's well-pleaded allegations in its Verified Complaint For Forfeiture *In Rem*, the Court finds that the defendant property was property

2

involved in violations of 18 U.S.C. §§ 1956(a)(2) and 1956(h).  As such, the defendant property is subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A).  The Court finds that the Verified Complaint For Forfeiture *In Rem* states a factual and legal basis for forfeiture.  In addition, the Court also finds that process was fully issued in this action with respect to the defendant property and returned according to law.  In consequence, no response, answer, or defenses remain interposed and no opposition has been made to the Plaintiff's Motion for Entry of a Default Judgment and Order of Forfeiture.

Based upon the foregoing and the entire record in this action, the Court shall GRANT Plaintiff's [8] Motion for Entry of a Default Judgment and Order of Forfeiture.

An appropriate Order accompanies this Memorandum Opinion.

>    /s/
> COLLEEN KOLLAR-KOTELLY
> United States District Judge